JOSEPH WORTHINGTON, Respondent, v. EDWARD WHITE, Appellant.

1. *Practice—Trial—Partnership—Dismissal of Suit—Construction of Statute.* Where a receiver in a partnership suit made a report showing on its face *prima facie* evidence of a full settlement of all matters in controversy between the parties, it was proper for plaintiff to dismiss his suit without proceeding further, under Gen. Stat. 1865, p. 662, § 47. Had it been manifest that the rights and interests of defendant would be prejudiced thereby, a dismissal of the case might have been erroneous, notwithstanding the above provision.

*Appeal from St. Louis Circuit Court.*

*P. Garesche & Mead,* and *Babcock & Neil,* for appellant.

I. The cause should not have been dismissed, both parties concurring in the prayer that the court adjust the accounts. A plaintiff cannot dismiss a bill when, by a decree in the cause, the defendant has as direct an interest in the continuance of the suit as the plaintiff, and may ultimately be as essentially benefited by it. (Hall v. McPherson, 3 Bland. Ch. R. 534; Holt v. Bank of Augusta, 9 Geo. 552.) The plaintiff is allowed to dismiss his bill on the presumption that it leaves the defendant in the same position in which he would have stood if the suit had not been instituted, but that is not so where there has been a proceeding in the cause which has given the defendant a right against the plaintiff. (Casper v. Lewis, 2 Phil. 178.)

II. The dismissal of the cause did not bar defendant's right to except to the commissioner's report, nor prevent the court from entertaining the motion. (Edw. on Rec. 20; McCoshen v. Brady,

Worthington v. White.

1 Barb. Ch. R. 329 ; 2 Dan. Ch. Pr. 1623 ; 1 Barb. Ch. Pr. 677.)
A receiver cannot account to the parties, and must do so to the
court. (39 Barb. Ch. R. 172.) After dismissal of a suit,
receivership will be continued, if to the benefit of the defendant.
(Whiteside v. Pendergast, 2 Barb. Ch. R. 471 ; Mutual Safety
Ins. Co. v. Roberts, 4 Sandf. Ch. R. 592.) Though a cause be
dismissed from the calendar, motions may still be made. (Pitt
v. Bonner 5 Sim. 577.)

*Ewing & Holliday*, for respondent.

I. The plaintiff had a right to dismiss his suit, and there was
no error in refusing to set aside the order of dismissal. (Gen.
Stat. 1865, p. 662, § 47; Everett v. Taylor, 32 Mo. 390;
Nordmanser v. Hitchcock, 40 Mo. 178, 182–3.) In chancery
practice it is always a matter of course to permit a complainant to
dismiss his bill, at any time before an interlocutory or final decree
has been made, upon payment of costs. (Cummins v. Burnett, 8
Paige Ch. R. 79, 81, and authorities there cited.) The juris-
diction of the court in the case had ceased by the acts of the
parties themselves. The submission of the cause by the parties
to arbitration, of itself operates as a discontinuance of the case
where there is no agreement that judgment shall be entered on
the award. (Larkins v. Robbins, 2 Wend. 505 ; Ex parte
Wright, 6 Cow. 399 ; Camp. v. Root, 18 Johns. 22 ; Green v.
Patchen, 13 Wend. 293 ; Jewell v. Blankenship, 10 Yerg. 439 ;
2 Hemple, 516.) The report of the receiver shows that the
partnership affairs, the subject matter of the suit, had all been
settled upon the basis agreed upon by the parties themselves ;
that the receiver paid off all the debts of the concern and took
the receipts of all the creditors, and also received from them
written authority to dismiss the suit ; that the receiver had a set-
tlement with plaintiff and defendant, turned over to them the
goods and assets set apart belonging to each, and took from each
receipts discharging him from all liabilities as receiver. So that
whether the reference of the matter to other parties and their
action upon it be viewed as an arbitration, or as the voluntary
withdrawal of the controversy from the court and an accounting

and settlement by the parties themselves, in either view defendant is estopped from objecting to the dismissal of the suit. (Wells v. Lain, 15 Wend. 99, 105, 108.)

FAGG, Judge, delivered the opinion of the court.

The parties to this suit, being partners in trade in the business of selling dry goods in the city of St. Louis, in the month of April, 1867, mutually agreed upon a dissolution of the copartnership, to take effect on the first day of August following. On the twelfth day of that month the respondent filed his petition in the St. Louis Circuit Court, alleging the inability of his copartner and himself to make a satisfactory settlement of their accounts, and the mental and physical incapacity of the former to attend to the business of winding up the affairs of the concern, and making an exhibit of the assets and liabilities of the firm. The principal ground of disagreement between the parties seems to have been a different construction given by each to the terms of the copartnership. The complaint alleges that the entries of the respective stock accounts upon the books of the firm were incorrect and showed an improper statement of credits to the appellant and debits against the respondent. The prayer of the bill is for an order restraining the defendant below from collecting the debts of the firm or in any way interfering with the business, the appointment of a receiver to take charge and dispose of the entire property of the partnership, and for an adjustment and settlement of their accounts. An injunction bond being executed and approved by the court, the restraining order was made at once, and one John Sylvester duly appointed receiver. The answer was filed on the nineteenth day of October following, and contained no denial of any material averment in the petition, except as to the statement of the respective stock accounts of the partners. It alleged that the general business of the store and the entries upon the partnership books were, for the most part, under the supervision and control of the petitioner, and that the accounts were correctly stated according to the true meaning of the agreement between the partners. It also asked for an account between the parties, for the purpose of ascertaining the value of their respective interests

Worthington v. White.

in the assets, according to the statement of the same made in the petition and admitted by the answer.

On the eighth day of November following, the receiver made a report of his proceedings and asked to be discharged from his office. The report sets out in full the terms of an agreement entered into by the parties to the suit on the day after his appointment as such receiver, by which all the matters in controversy between them were submitted to arbitrators, and a full and complete division made of all the assets.

It shows to the court the receipts and acquittances for all debts due by the firm and all expenses incurred in the settlement of the business; also, a receipt in full by each one of the partners for his share of the assets, and a discharge of the receiver from all liability as such. The record does not show that any action whatever was taken by the court in reference to the report. After it was filed, and on the same day of the term, the suit was dismissed on motion of the plaintiff, but against the consent of the defendant. A motion was afterward made by the defendant asking that the order of dismissal be set aside and the cause reinstated upon the docket, which was overruled by the court. Another motion was also made for an order on the receiver, requiring him to make another and more specific report of his receipts and expenditures, which was also overruled by the court. No exceptions were taken to the report, and the only reasons appearing upon the record for not dismissing the suit are to be found in the motion to set aside the order of dismissal and reinstate the cause. It is to be observed that this motion was made on the twenty-second of November, and upon notice given to the attorneys of the plaintiff after the suit was actually dismissed. It is manifest that the only question that can arise upon this statement of the case is the propriety of the order dismissing the plaintiff's bill. The language of the statute allowing a plaintiff to dismiss his suit at any time before a final submission of the same to the court or jury is without qualification or exception. (Gen. Stat. 1865, p. 662, § 47.)

It may be true that a strict construction of this section should not be allowed in a case where it is manifest that the rights and interests of the defendant would be prejudiced thereby.

It is unnecessary to discuss that question, as it has no application to the case at bar. It is not pretended but that the defendant was amply protected from the commencement of the suit. The bond of the plaintiff upon which the injunction was granted, as well as that subsequently executed by the receiver, would seem to be sufficient to cover all damages that could have accrued to the defendant at any stage of the proceedings.

To say nothing about the well-established practice in chancery to permit the complainant to dismiss his bill, as a matter of course, at any time before an interlocutory or final decree, the report showed upon its face *prima facie* evidence of a full settlement of all matters in controversy between the parties. Upon every view of the case there seems to be no reason to sustain the objections urged against the action of the court below by the counsel for the appellant.

The property in this case being in the hands of an officer of the court for the benefit of both parties, he is subject at all times, until a final discharge, to such orders in reference thereto as may be necessary for the protection of the rights and interests of both. The sufficiency of the receiver's bond to protect them against any loss or injury done or suffered by him is not questioned, and we can therefore see no good reason for setting aside the order of dismissal and reinstating the cause upon the docket.

As to the right of the defendant to institute any further proceeding against the receiver, either by motion or an action upon his bond, we shall express no opinion. This point is not presented by the record here, and will not be considered.

With the concurrence of the other judges, the judgment of the Circuit Court will be affirmed.